IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KIMBERLY EDWARDS**                                                    **PLAINTIFF**

**V.**                             **CAUSE NO. 3:17-CV-974-CWR-FKB**

**UNIVERSITY OF MISSISSIPPI**                           **DEFENDANT**
**MEDICAL CENTER**

## ORDER

Before the Court are Kimberly Edwards' complaint and motion for leave to proceed *in forma pauperis* (IFP). Docket Nos. 1-2.

The statute governing IFP proceedings, 28 U.S.C. § 1915, "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Where the plaintiff's financial information shows that a filing fee would cause "undue financial hardship," the district court has discretion to reduce or waive the fee. *Id.*; *see also Adkins v. DuPont*, 335 U.S. 331, 339 (1948).

Having considered Edwards' financial affidavit, the Court finds that her IFP motion is well-taken and due to be granted. No filing fee will be assessed.

That brings us to the plaintiff's complaint. In an IFP case, the Court must dismiss a complaint when the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quotation marks and citation omitted). "A *pro se* complaint is to be construed liberally with all well-pleaded allegations taken as true. Even a liberally construed *pro se* civil rights complaint, however, must

set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citations omitted).

Edwards' complaint does not meet this standard. She alleges that the defendant put false information on her medical records, causing $227 million in damages. But it is not clear how this Court has jurisdiction over this dispute between Mississippi residents.

The case must therefore be dismissed for failure to state a claim. The dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006). A separate Final Judgment shall issue this day.

**SO ORDERED**, this the 11th day of January, 2018.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE